# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

| | |
|---|---|
| MEGAN HODGE, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| WEST GEORGIA INTERNAL MEDICINE, P.C., | |
| Defendant. | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, Megan Hodge, ("Plaintiff") by and through undersigned counsel, and files this Complaint for Damages against Defendant West Georgia Medicine, P.C. ("Defendant"), and states as follows:

## JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

1

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## PARTIES

3.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

4.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto, has conducted business within this District.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Cindy Barge, 167 Mountain Oaks Rd., Carrolton, Georgia, 30116.

## ADMINISTRATIVE PREREQUISITES

6.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC) alleging disability

discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"). The EEOC issued a "Notice of Right to Sue", entitling an action to be commenced within ninety (90) days of receipt of said notice. This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue."

## FACTUAL ALLEGATIONS

7.

Defendant has now, and at all times relevant hereto, been an employer subject to the Americans with Disabilities Act ("ADA").

8.

Plaintiff began her employment with Defendant, on or about July 19, 2021, as a receptionist.

9.

Plaintiff had disabilities at all times relevant, of which the employer had knowledge. In particular, Plaintiff suffered from menorrhagia, dysmenorrhea, adenomyosis, and pelvic pain.

10.

On or about February 8, 2022, Plaintiff requested a finite and reasonable amount of time off for surgery for her disabilities, and recovery time. One of Plaintiff's managers, Cindy Barge, told Plaintiff she would need to discuss Plaintiff's request with the physicians.

11.

On or about February 10th, within days of Plaintiff's accommodation request, Defendant terminated Plaintiff's employment.

12.

Any reason given for Plaintiff's termination is pretext for unlawful discrimination, based on Plaintiff's disabilities, and retaliation for Plaintiff engaging in protected activity.

13.

Plaintiff was able to perform the essential functions of the job for which she was hired with or without reasonable accommodation.

14.

Defendant terminated Plaintiff because of her disabilities, perceived disabilities and/or need for an accommodation.

15.

In terminating Plaintiff's employment, Defendant discriminated against Plaintiff because of her disabilities and/or need for an accommodation.

16.

Plaintiff has suffered, among other things, lost wages and emotional distress as a direct result of Defendant's unlawful actions.

17.

Defendant is an employer subject to the ADA and was throughout Plaintiff's employment.

## CLAIMS FOR RELIEF

## COUNT I: ADA DISCRIMINATION

18.

Plaintiff repeats and re-alleges paragraphs 7-17 as if set forth fully herein.

19.

Section 102 of the ADA protects qualified individuals, including Plaintiff, from adverse employment actions based on a known disability of the employee.

20.

At all times relevant to this action, Plaintiff was a "qualified individual" as that term is defined by the ADA.

21.

At all times relevant to this action, Plaintiff has been an individual with disabilities as that term is defined by the ADA.

22.

At all times relevant to this action, including up to the time of Plaintiff's termination, Defendant and the individual(s) involved in the decision to terminate Plaintiff were aware of Plaintiff's disabilities.

23.

Plaintiff's disabilities were a determinative factor in Defendant's decision to terminate Plaintiff.

24.

At all times relevant, Plaintiff could perform the essential functions of her position, with or without reasonable accommodation.

25.

Defendant "regarded" Plaintiff as having "disabilities" under the ADA.

26.

Defendant discriminated against Plaintiff because of her disabilities or perceived disabilities by terminating her employment, thus violating Plaintiff's rights under the ADA and entitling her to all appropriate relief thereunder.

27.

As a result of Defendant's unlawful actions, Plaintiff suffered emotional distress and other non-pecuniary damages, as well as economic damages, for which she is entitled to recover from Defendant.

28.

Defendant has not only deprived Plaintiff of equal employment opportunities but also exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

29.

Plaintiff is entitled to lost wages, compensatory and punitive damages, and all other relief available.

## **COUNT II: VIOLATION OF THE ADA - RETALIATION**

30.

Plaintiff repeats and re-alleges paragraphs 7-29 as if set forth fully herein.

31.

The ADA protects qualified individuals, including Plaintiff, from retaliatory measures taken by an employer based on protected activity, including opposing disability discrimination, and requesting a reasonable accommodation for a disability.

32.

Plaintiff engaged in protected activity by seeking reasonable accommodations by, among other things, requesting finite and brief time off for her disabilities.

33.

Defendant subjected Plaintiff to adverse employment action by terminating her after she took finite and brief time off.

34.

There is a causal connection between Plaintiff's disabilities, her subsequent request for a reasonable accommodation, and Defendant's decision to terminate her employment as a result.

35.

As a direct and proximate result of these actions, Plaintiff has suffered damages, including lost wages and emotional distress.

36.

Therefore, Defendant is liable for the damages caused proximately by its retaliation.

37.

Defendant has not only deprived Plaintiff of equal employment opportunities but also exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

38.

Plaintiff is entitled to lost wages, compensatory and punitive damages, and all other relief available.

**WHEREFORE**, Plaintiff requests judgment as follows:

a) General damages for mental and emotional suffering caused by Defendant's misconduct;

b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

c) Special damages for lost wages and benefits and prejudgment interest thereon;

d) Reasonable attorney's fees and expenses of litigation;

e) Trial by jury as to all issues;

f) Prejudgment interest at the rate allowed by law;

g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

i) All other relief to which she may be entitled.

This 4th day of August, 2022.

                                **BARRETT & FARAHANY**
                                /s/ V. Severin Roberts
                                V. Severin Roberts
                                Georgia Bar No. 940504
                                *Attorney for Plaintiff*

P.O. BOX 530092
Atlanta, GA 30343-0092
T: (404) 214-0120

F: (404) 214-0125
severin@justiceatwork.com